RAWSON & RICE v. SPANGLER.

1. **Husband and Wife:** AGENCY OF WIFE WHEN ABANDONED. Where a wife was abandoned by her husband, with five small children to support, and with but little money and means of subsistence, *held*, (1) that she had authority at common law to sell a cow left by the husband, which was vicious, and of no use in supporting the family, for the purpose of procuring family supplies; (2) that the title to the cow conveyed by such sale could not be disputed by an attaching creditor of the husband, even though the husband intended that the cow should be given to such creditor to pay his debt; (3) that the wife was not required to delay the sale of the cow until her stock of money and provisions was exhausted; (4) that § 2207 of the Code was not designed to affect the wife's agency at common law.

*Appeal from Fayette Circuit Court.*

FRIDAY, OCTOBER 19.

ACTION to replevy a cow and calf. The property, in March, 1881, belonged to one Perkins. The plaintiffs claim that they acquired title to the property by purchase from Perkins' wife. After the alleged purchase, the defendant, as a creditor of Perkins, attached the same as Perkins' property. The plaintiffs brought this action to recover possession. There was a trial to the court, and judgment was rendered for the plaintiffs. The defendant appeals.

*Lake & Harmon* and *Ainsworth & Hobson*, for appellant.

*Hoyt & Hancock* and *John Hutchins*, for appellee.

ADAMS, J.—The court found that just prior to the alleged sale to the plaintiffs Perkins absconded, leaving his wife and

five small children in needy and destitute circumstances, and leaving the cow and calf with his family; that at the time of the alleged sale, also, the family were in needy and destitute circumstances, and that the sale of the property was necessary for the support of the family. As a matter of law, the court held that the wife had the authority to sell and convey a good title.

The defendant insists that the finding that Perkins left his family in needy and destitute circumstances is not supported by the evidence. But in our opinion it is. Mrs. Perkins testified that the children were of the ages of 2, 4, 6, 8 and 11 years, respectively; that she and the children were left in a poor condition for supporting themselves; that she had only about three dollars, five shoats, five or six bushels of wheat, a little flour, sugar and coffee, and a little pork; and that she had no other means of support. She also testified that the children had not a great deal of clothing.

Now, while it does not appear that all the food above mentioned had been consumed at the time of the sale of the property, and it does not appear that the children were suffering for clothing, the stock of food and clothing appears to have been small; and if Mrs. Perkins had no way of providing for her family, as we think the evidence shows, but by resorting to a sale, she was not, so far as the question of need and destitution was concerned, bound to wait until destitution had become complete. If she was to sell at all, it was proper for her to avail herself of the opportunity to sell when it was offered. One fact not found by the court was proved by undisputed evidence, and that is, that the cow was vicious, that Mrs. Perkins was unable to milk her, and regarded her as dangerous to the children.

We come, then, to the question whether, the circumstances being such as above set forth, Mrs. Perkins could be deemed to have authority to sell.

The wife's implied agency to act for her husband differs under different circumstances. She may ordinarily contract

for domestic supplies, and, if abandoned by her husband without her fault, she may always pledge his credit for necessaries. If left by him in the management of his business, she may make the contracts reasonably incident to its management.

In the case at bar, the wife was left by her husband to provide for the family as best she could, out of such means of support as they had. One of the means of support was the cow, which was not useful to her, because she was vicious. We think it clear that, under the circumstances, she had implied authority to sell her.

In this connection we ought, perhaps, to say that the defendant complains of the exclusion of certain evidence, to-wit, the deposition of Perkins, in which he stated that he intended that the cow should be given to the defendant in payment of his debt. But it is not shown that his wife or the plaintiffs were aware of his intention. She was, according to the view which we have taken, apparently clothed with the power to sell the cow, and Perkins' secret intention would not be sufficient to invalidate the sale.

The defendant relies upon section 2207 of the Code, as excluding such power by implication. The section provides that, where a husband abandons his wife, and is absent for a year, without having provided for the support of his family, she may apply to the district or circuit court, which shall authorize her "to manage, control, sell and encumber the property of the husband for the support of the family, and for the purpose of paying debts."

The authority contemplated by the provision is evidently somewhat broader than that which could be deemed to arise merely by implication. It includes, evidently, the power to sell or mortgage real estate. The provision, too, is useful for the purpose of removing all doubt of the wife's power from the minds of those with whom she may have occasion to deal. It was not designed, we think, to affect any common law rule of agency.

In our opinion, the judgment of the circuit court must be

AFFIRMED.